UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

**Travis R. Blanton**             **No.**

**Versus**            **Division**

**SCF Waxler Marine, L.L.C.**            **Section**

## Complaint

COMES NOW Travis R. Blanton, who sues SCF Waxler Marine, L.L.C. hereafter "Waxler", as follows:

## The Parties

**I.**

Plaintiff, Travis R. Blanton, is a resident and citizen of Adams County, Mississippi.

**II.**

Defendant, Waxler, is a Delaware limited liability company doing business in the State of Louisiana and within the jurisdiction of this Court.

## Jurisdiction

**III.**

This is an admiralty and maritime case within the meaning of Rule 9(h).

**IV.**

This is also a Jones Act case (46 U.S.C. 30104) but one brought in admiralty.

1

## General Allegations

**V.**

On July 16, 2011, Travis R. Blanton was employed by Waxler as a seaman and member of the crew of a vessel owned, operated and controlled by it, the Angela Jean.

**VI.**

The Angela Jean was at that time a towing vessel in navigation on the waters of the Gulf Intracoastal Waterway engaged in towing operations.

**VII.**

On July 16, 2011, as Travis R. Blanton worked on the deck of one of the barges in the Angela Jean's tow he slipped and/or tripped and fell over piping on the deck of a Waxler barge ("the Waxler barge") causing the injuries at issue.

**VIII.**

The Waxler barge was also a vessel in navigation on the date of Travis R. Blanton's fall.

**IX.**

Travis R. Blanton's injuries were caused through no fault of his own but by the negligence of his employer Waxler, and by reason of Waxler's failure to provide him a safe place to work, and by the unseaworthiness of the Angela Jean and the Waxler barge.

**X.**

Waxler was negligent, its workplace unsafe, and the Angela Jean and the Waxler barge unseaworthy because, among other things (i) the deck of the Waxler barge was slippery due to a foreign substance on its surface, on which Travis R. Blanton fell, presenting a tripping hazard (ii) the pipe over which Travis Blanton fell presented an unnecessary tripping hazard (iii) Waxler failed to properly man its vessel and assign an adequate number of people to the task then underway (iv) Waxler failed to properly plan and analyze the work so as to eliminate or lessen the hazard to Travis Blanton (v) Waxler failed to train its crew including Travis Blanton so to eliminate or lessen the hazard and (vi) Travis Blanton's superiors failed to warn him about the hazard or to take other actions to eliminate or lessen the hazard.

**Damages**

**XI.**

As a result of the negligence and fault of Waxler, and the unseaworthiness of the Angela Jean and the Waxler barge, Travis R. Blanton has sustained and will sustain damages including medical expenses, pain and suffering, mental anguish, disability, humiliation and embarrassment,  wage loss, and lost earnings capacity.

**XII.**

Before the accident, Travis R. Blanton was an able-bodied seaman with a significant average annual income. As a result of the accident, he can no longer pursue his occupation as seaman and he has lost and will lose large sums of money which he

would have otherwise earned.

### Maintenance and Cure

### XIII.

As a result of the accident of July 16, 2011, Travis R. Blanton has undergone extensive medical care and will need further care in the future. Waxler is liable to Travis R. Blanton for the cost of this cure and for maintenance under the general maritime law.

### Interest

### XIV.

Travis R. Blanton is additionally entitled to pre-judgment interest from the day of the accident inasmuch as both his Jones Act and his unseaworthiness claims are in the admiralty.

### XV.

WHEREFORE, plaintiff, Travis R. Blanton, prays:

1. That he have judgment in his favor and against the defendant in an amount reasonable in the premises.

2. That he have judgment against the defendant for maintenance and cure in the amounts provided by law.

3. That he be awarded pre-judgment interest from July 16, 2011.

4. That he have all other just and equitable relief.

                Respectfully submitted,

                CHARRIER & CHARRIER

                s/ John O. Charrier, Jr.
                John O. Charrier, Jr., 4097
                7809 Wrenwood Blvd..
                Baton Rouge, Louisiana 70800
                Telephone (225) 218-8599
                Email: charrier@I-55.com

                s/ Charles S. Norris, Jr.
                Charles S. Norris, Jr., 10055
                Norris Law Firm
                8 North Oak Street
                P. O. Box 400
                Vidalia, Louisiana 71373
                Email: csnorris@bellsouth.net

**Mr. Clerk, Please issue summons for service on the Defendants as follows:**

SCF Waxler Marine, L.L.C.
through its Agent for
Service of Process
National Registered Agents, Inc.
1011 N. Causeway Blvd., Ste. 3
Mandeville, LA 70471